JDN

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gerald Clarence Gilgren, | ) | No. CV 06-0617-PHX-DGC (BPV) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora Schriro, et al., | ) | |
| Respondents. | ) | |

Petitioner, presently confined in the Cook Unit - Eyman, at the Arizona State Prison Complex in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will order an answer.

**A.    Procedural Background**

On February 12, 1999, in the Maricopa County Superior Court, Matter No. CR 98-01090, Petitioner pled guilty to two counts of manslaughter and one count of aggravated assault. He was sentenced to a term of 15 years. His post-conviction petition was denied by the superior court on October 15, 1999. Petitioner filed a second post-conviction petition which was denied by the superior court on August 9, 2002, and his appeal therefrom was denied by the Arizona Court of Appeals on September 1, 2003. The state supreme court denied review of the second petition on February 17, 2004. Petitioner then filed a special action in the superior court which was dismissed on February 23, 2005, and the Arizona Court of Appeals thereby denied review.

TERMPSREF

1  In his habeas petition, Petitioner raises two grounds for relief: (1) his aggravated 2 sentence violated his Sixth and Fourteenth Amended rights; and (2) his due process rights 3 were violated because his plea agreement included a prior conviction which the state 4 conceded was incorrect, but his counsel failed to object to the sentencing range.

5  Petitioner asserts that he has either exhausted the claims or that exhaustion is not 6 required. Even assuming that the exhaustion requirement has not been met, it appears that 7 any unexhausted claim may be procedurally barred. In light of the possibility of procedural 8 bar, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 9 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear 10 whether claims were procedurally barred). Accordingly, an answer is required. 28 U.S.C. 11 § 2254(a).

12 **IT IS THEREFORE ORDERED that:**

13  (1) A copy of the Petition and this Order be served by the Clerk of Court upon the 14 Respondent and the Attorney General of the State of Arizona by certified mail pursuant to 15 Rule 4, Rules Governing Section 2254 Cases.

16  (2) Respondent shall answer the Petition within forty (40) days of the date of service. 17 Respondent shall not file a dispositive motion in place of an answer, but may file an answer 18 limited to relevant affirmative defenses, including but not limited to, statute of limitations, 19 procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only 20 those portions of the record relevant to those defenses need be attached to the answer. 21 Failure to set forth an affirmative defense in an answer may constitute a waiver of the 22 defense. See Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); see also Morrison 23 v. Mahoney, 399 F.3d 1042 (9th Cir. 2005). If not limited to affirmative defenses, the 24 answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing 25 Section 2254 Cases.

26  (3) Petitioner may file a reply within thirty (30) days from the date of service of the 27 answer.

28  (4) Petitioner shall serve upon Respondent, or if appearance has been entered by

1 counsel, upon the attorney, a copy of every further pleading or other document submitted for
2 consideration by the Court.  Petitioner shall include with the original document and copy, to
3 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
4 the pleading or document was mailed to Respondent or the counsel.  Any paper received by
5 a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the
6 Court may be disregarded by the Court.

7 (5) At all times during the pendency of this action, Petitioner shall immediately advise
8 the Court of any change of address and its effective date.  Such notice shall be captioned
9 "NOTICE OF CHANGE OF ADDRESS."   The notice shall contain only information
10 pertaining to the change of address and its effective date.  The notice shall not include any
11 motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may
12 result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil
13 Procedure 41(b).

14 (6)  Aside from the two copies of the petition or amended petition that must be
15 submitted, a clear, legible copy of every pleading or other document filed shall accompany
16 each original pleading or other document filed with the Clerk for use by the District Judge
17 or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
18 may result in the pleading or document being stricken without further notice to Petitioner.

19 (7)  This matter is referred to Magistrate Judge Bernardo P. Velasco pursuant to Rule
20 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
21 recommendation.

22 DATED this 30th day of March, 2006.

_____
David G. Campbell
United States District Judge

**TERMPSREF**

- 3 -