

1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT
8          FOR THE DISTRICT OF ARIZONA
9
10   GERALD CLARENCE GILGREN          )   No.  CV 06-0617-PHX-DGC (BPV)
                                      )
11         Petitioner,                )
                                      )
12   vs.                              )   **REPORT AND**
                                      )   **RECOMMENDATION**
13    DORA B. SCHRIRO, et al          )
                                      )
14         Respondents.               )
     _____   )
15

16          Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas

17   Corpus filed pursuant to 28 U.S.C. § 2254 ("Petition").  Named as Respondent in the

18   Petition is Dora B. Schriro.  The Attorney General of the State of Arizona and Judge

19   Anna M. Baca are named as an additional Respondents.  The Court ordered the

20   Petition served on Respondents Schriro and the Attorney General in an order dated

21   March 31, 2006.  Respondents filed an Answer to the Petition for Writ of Habeas

22   Corpus Limited to Affirmative Defenses of Violation of Statute of Limitations and

23   Procedural Default ("Answer") on July 14, 2006, with exhibits A through E attached.

24   Petitioner submitted a reply on October 25, 2006, with exhibits 1-4 attached.

25          Pursuant to the Rules of Practice of this Court, this matter was referred to

26   Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

27          The Magistrate Judge recommends that the District Court, after its independent

28   review of the record, enter an order dismissing the Petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Trial court proceedings*

On November 19, 1998, Petitioner entered a plea agreement in the Superior Court of the State of Arizona, Maricopa County, to plead guilty to two counts of Manslaughter, class 2 dangerous, non-repetitive felonies and one count of aggravated assault, a class 3 non-dangerous, non-repetitive felony. (Ex. A-1,2.) Petitioner stipulated to an aggravated sentence of between 13 to 17 years on the manslaughter charges, each count to run concurrent with the other, and supervised probation on the aggravated assault charge. (Response, Ex. A-1,2.)

On February 12, 1999, the trial court sentenced Petitioner to the aggravated sentence of 15 years in the Department of Corrections ("DOC") on Counts 1 and 2. The trial court sentenced Petitioner to five years of probation on Count 3, to begin running upon his release from DOC. (Ex. A-3.) Defendant was informed of his rights of review at the time of sentencing (Ex. A-3) and signed a Notice of his Right to Post-Conviction Relief, acknowledging that he received a copy of such notice. (Ex. A-4.)

*First Petition for Post-Conviction Relief*

Petitioner filed a notice of post-conviction relief in state court on May 11, 1999. (Ex. A-5.) Appointed counsel filed a "Motion to Allow Petitioner to Proceed Pro Se, and for an Extension of Time" on July 27, 1999, advising the court that he had searched the record in the case, and was unable to find any tenable issues. (Ex. A-6.) On August 5, 1999, the trial court granted a 30 day extension of time to allow petitioner to file a *pro per* petition for post-conviction relief. (Ex. A-7.) On October 22, 1999, the trial court issued a minute entry recognizing that no petition for post-conviction relief had been filed, and dismissed the petition for post conviction relief. (Ex. A-8.)

*Second Petition for Post-Conviction Relief*

Petitioner filed a second petition for post-conviction relief on July 23, 2002. (Ex. A-9.)  The petition for post-conviction relief presented arguments (1) that the plea agreement violated the intent of a plea contract that is fair to all parties; (2) the imposed sentence violated the Arizona and the United States Constitution because the presumptive sentence was 10.5 years and the maximum imposed sentence would be 13 years; (3) Petitioner had no prior felony even though the trial court listed A.R.S. § 13-604(P) (prior felony offense).  (Ex. A-9.)

The trial court summarily dismissed the petition as untimely, pursuant to Rule 32.2(b), Arizona Rules of Criminal Procedure, finding that the Petitioner's claims did not come within one of the exceptions to the timeliness requirements found in Arizona Rules of Criminal Procedure, Rule 32.1(d), (e), (f), (g) or (h).  (Ex. A-10.)

*Petition for Review*

Petitioner filed a petition for review to the Arizona Court of Appeals on October 27, 2003.  (Ex. B.)  The petition for review was denied without opinion on September 25, 2003.  (Ex. C.)  A petition for review was denied by the Supreme Court of the State of Arizona on February 17, 2004.  (Ex. D.)

*Second Petition for Post-Conviction Relief*

Petitioner filed a third, untimely, petition for post-conviction relief on January 19, 2005, seeking relief pursuant to Rule 32.1(g)*,* claiming that, *Blakely v. Washington*, 542 U.S. 296, 124 St.Ct. 2531 (2004), was a significant change of law that applied to his case.  (See Ex. 2-C.)

The trial court dismissed the petition on February 23, 2005, finding that *Blakely* does not apply retroactively to convictions that are final, and that Petitioner's conviction became final when he did not seek further review of the order denying Petitioner's Rule 32 of-right proceeding on October 15, 1999.  (Id.)

1    *Petition for Review*

2         Petitioner submitted a petition for review to the Arizona Court of Appeals on

3 March 8, 2005.  (Ex. 4.)  The petition for review was denied without opinion on

4 October 17, 2005  (Ex. 4-A.)

5         Petitioner filed the present Petition for Writ of Habeas Corpus on March 1,

6 2006. (Document # 1.)  Respondents filed an Answer to Petition for Writ of Habeas

7 Corpus Limited to Defenses of Violations of Statute of Limitations and Procedural

8 Default on July 14, 2006. (Document # 9.)  On October 25, 2006, Petitioner submitted

9 a response addressing statutory and equitable tolling and asking the court to address

10 the merits of his claim.  (Document # 16.)

11                            **<u>DISCUSSION</u>**

12         The writ of habeas corpus is available to "a person in custody pursuant to the

13 judgment of a State court only on the ground that he is in custody in violation of the

14 Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The

15 District Courts's standard of review is described as follows:

16            An application for a writ of habeas corpus on behalf of a person

17            in custody pursuant to the judgment of a State court shall not be granted

           with respect to any claim that was adjudicated on the merits in State

18            court proceedings unless the adjudication of the claim—

19

20            (1)     resulted in a decision that was contrary to, or involved an

                  unreasonable application of, clearly established Federal law, as

21                   determined by the Supreme Court of the United States; or

22

23            (2)     resulted in a decision that was based on an unreasonable

24                   determination of the facts in light of the evidence presented in

                  the State court proceeding.

25

26 28 U.S.C. § 2254(d).

27

28                                   -4-

**Timeliness**

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  28 U.S.C. § 2244(d)(1).

The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court.  *See* 28 U.S.C. § 2244(d)(2).  Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief.  28 U.S.C. § 2244(d)(2).

Equitable tolling may be available even after the statute of limitations period has expired if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds *Calderon v. United States Dist. Ct.,* 163 F.3d 530 (9th Cir. 1998)(en banc).  The Ninth Circuit has noted that determinations of "whether there are grounds for equitable tolling are highly fact dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000)(*en banc*).

Equitable tolling is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, and is unavailable in most cases. *Miranda v. Castro*  292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) and *Beeler*, 128 F.3d at 1288).  The threshold necessary to trigger equitable tolling under the AEDPA is very high. *Miranda*, 292 F.3d at 1066 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

**Analysis**

The Magistrate Judge finds that, pursuant to the AEDPA, the Petition filed in this Court is untimely.  Petitioner had until one year after his conviction became final to file his federal petition.

Petitioner's conviction became final on February 12, 1999, the day Petitioner was sentenced by the trial court.  *See* Ariz.R.Cri.P. 17.1(e); *Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054, 1055 (9th cir. 2004) (Conviction becomes final at sentencing because entry of guilty plea waives right to appeal under Arizona law.) The limitations period began running on February 13, 1999 and ran for 87 days until it was tolled on May 11, 1999, when Petitioner filed his notice of post-conviction relief.  *See Isley*, 383 F.3d at 1056.

The tolling period ended when the petition was denied on October 22, 1999, and the limitations period began running on October 23, 1999.  The limitations period ended on July 26, 2000, having run for an additional 278 days.

***Statutory Tolling***

The second petition for post-conviction relief was filed on July 23, 2002,nearly two years after the limitations period had already lapsed.  The filing of the second petition could not restart the statute of limitations because it had already lapsed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  Nor, having been rejected by the trial court as untimely, would it have tolled the limitations period as a properly filed petition.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807 (2005) (Petition rejected as untimely not "properly filed" and not entitled to statutory tolling under § 2244(d)(2)).  Because petitioner's subsequent petition was not limited to an elaboration of the facts related to the claims in the first petition, the second petition for post conviction relief constitutes a new round, and the gap between the denial of the first petition and the new petition is not tolled.  *See King v. Roe*, 340 F.3d 821 (9th

Cir. 2003) (New petition construed as part of the first full round if the petitioner is simply attempting to correct deficiencies attendant to the first petition.)

Thus, unless there is a basis for equitably tolling the limitations period, Petitioner's habeas petition is untimely.

### Equitable Tolling

Petitioner argues as grounds for equitable tolling that his trial counsel's failure to discover that the state listed A.R.S. 13-604(P) on his plea agreement, despite a "diligent search" of the records, is proof of an "impediment" that would justify equitable tolling of the statute of limitations.

Petitioner does not make a sufficient showing that these are "extraordinary circumstances" that caused the untimely filing of his Petition.  Petitioner's counsel made clear to Petitioner, by letter dated July 27, 1999, (Ex. A-1) that counsel disagreed with Petitioner's assumption that no allegation of a prior conviction was made in the plea agreement.  To the extent that Petitioner wished to pursue this issue further, counsel moved the trial court for an extension of time allowing Petitioner to file a petition *pro se*, and the trial court granted the extension.  (Ex. A-6-7.)  Thus, to the extent that counsel "impeded" Petitioner's ability to raise the issue to the trial court, counsel removed himself as any such impediment, and cleared the way for Petitioner to raise the issue to the trial court *pro se.*

Petitioner provides no indication why he waited over two years later to file his petition, on July 23, 2002.  This is especially true since he alleges he was aware of the issue from the date he signed the plea agreement, on November 19, 1998.

Petitioner states as additional grounds for equitable tolling that " I have never heard of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d) until the Respondents Answer."  Petitioner, however, also includes in his response an exhibit, (Ex. 4-B), which demonstrates that the Federal Civil

-7-

Judicial Procedure and Rules, which contain 28 U.S.C. § 2244(d), and have done so since at least 1999, were made available to Petitioner.

Petitioner also alleges that he was sent out of the state in February, 2004, for almost two years, to a facility in Texas, where he had no access to the few books he did have access to while incarcerated in the State of Arizona.  The Court does consider this a factually compelling circumstance sufficient to equitably toll the limitations period, however, by February 2004, Petitioner's statute of limitations had already expired and could not be restarted.  Any equitable tolling that takes place after July 26, 2000, would not be cause for this Court's late acceptance of Petitioner's federal habeas.

Accordingly, the Magistrate Judge finds that the Petition is time-barred.  The Magistrate Judge does not reach the Petitioner's or Respondent's alternate arguments concerning procedural default or the merits of this case.

## **RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the Petition for Writ of Habeas Corpus (Doc. No. 1).

Pursuant to 28 U.S.C. §636(B), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived.  If objections are filed, the parties should use the following case number: CV 06-0617-PHX-DGC.

DATED this 31st day of October, 2006.

Bernardo P. Velasco
United States Magistrate Judge